# NO. 12-20-00161-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| ***DUANE PARKHURST AND CHARLOTTE PARKHURST, APPELLANTS*** | § | ***APPEAL FROM THE 354TH*** |
| | § | ***JUDICIAL DISTRICT COURT*** |
| ***V.*** | | |
| ***JAVIER GUTIERREZ, APPELLEE*** | § | ***RAINS COUNTY, TEXAS*** |

***MEMORANDUM OPINION***
***PER CURIAM***

Duane and Charlotte Parkhurst, acting pro se, sued Javier Gutierrez, Eric Smith, and Miscrianti, Inc. for damages related to an explosion. The Parkhursts filed a notice of appeal from an order, dated June 23, 2020, in which the trial court dismissed their lawsuit against Gutierrez. On September 1, Gutierrez filed a motion to dismiss with this Court, arguing that the judgment is not final because it fails to dispose of all pending clams and parties and contains no language of finality. The Parkhursts did not file a response to Gutierrez's motion.

On any party's motion, or on its own initiative after giving ten days' notice to all parties, the appellate court may dismiss the appeal if it is subject to dismissal for want of jurisdiction. TEX. R. APP. P. 42.3(a); *see* TEX. R. APP. P. 10.3(a) (court should not hear or determine motion until ten days after motion's filing). When "there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." ***Lehmann v. Har-Con Corp.***, 39 S.W.3d 191, 205 (Tex. 2001). "An order that disposes of claims by only one of multiple plaintiffs or against one of multiple defendants does not adjudicate claims by or against other parties." ***Id***. "Language that the plaintiff take nothing by his claims in the case, or that the case is dismissed, shows finality *if*

*there are no other claims by other parties*; but language that 'plaintiff take nothing by his claims against X' when there is more than one defendant or other parties in the case does not indicate finality." *Id*. (emphasis added).

The order granting Gutierrez's motion to dismiss does not dispose of the Parkhursts' claims against Smith and Miscrianti.  And nothing in the clerk's record demonstrates that those claims have been otherwise disposed.  Accordingly, the order is not a final judgment.  *See id*.  Nor is the order appealable as interlocutory.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2020) (appeal from interlocutory order).  Because the order of dismissal is neither a final judgment nor an appealable interlocutory order, we ***grant*** the motion to dismiss and we ***dismiss*** the appeal for want of jurisdiction.

Opinion delivered October 7, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 7, 2020**

**NO. 12-20-00161-CV**

**DUANE PARKHURST AND CHARLOTTE PARKHURST,**
Appellants
V.
**JAVIER GUTIERREZ,**
Appellee

Appeal from the 354th District Court
of Rains County, Texas (Tr.Ct.No. 10777)

THIS CAUSE came on to be heard on the motion of the Appellee to dismiss the appeal herein, and the same being considered, it is hereby ORDERED, ADJUDGED and DECREED by this Court that the motion to dismiss be **granted** and the appeal be **dismissed for want of jurisdiction,** and that the decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*